IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE RODRIGUEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 15 CV 6290 |
| v. | ) | |
| | ) | The Hon. Sara L. Ellis |
| The CITY OF CHICAGO, a municipal corporation, | ) | |
| SERGEANT MICHAEL OGLIORE, Star #21267, | ) | Magistrate Judge Rowland |
| and OFFICER MAXIMILIA URIBE, Star #15773, | ) | |
| Chicago Police Detectives in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants City of Chicago, Sergeant Michael Ogliore, and Officer Maximiliano Uribe (hereinafter "Defendants"), for their answer to Plaintiffs Complaint, states as follows:

Jurisdiction/Venue

1. Incidents that give rise to the instant complaint occurred on April 1, 2014, in the City of Chicago, County of Cook, Illinois.

**ANSWER:** Defendants admit that the incident underlying this complaint occurred on April 1, 2014, but deny that the events alleged in the complaint occurred as alleged.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights act, 42 U.S.C. § 1983, §1988, the judicial code 28 U.S.C. §1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

**ANSWER:** Admitted.

3. Venue is proper pursuant to 28 U.S.C. 1391(b) as, on information and belief, all parties reside in the judicial district, and the events giving rise to the claims asserted occurred in this district.

**ANSWER:** Defendants admit that venue is proper, but deny that the events occurred as described in the Complaint.

Parties

4. At all relevant times pertaining to these occurrences, Plaintiff Rodriguez was a resident of Chicago, Cook County, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in this paragraph.

5. At all relevant times pertaining to this Complaint, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendant Sergeant Michael Ogliore ("Defendant Ogliore"), and Defendant Officer Maximilia Uribe ("Defendant Uribe"), who were acting under color of law and in the course and scope of their employment with the Defendant City of Chicago as duly sworn and appointed police officers and/or sergeants.

**ANSWER:** Admitted.

Facts

6. On April 1, 2014, the plaintiff, while riding his bike, went to look at an apparent vacant apartment at a residence located on or about the intersection of N. Greenview Avenue and W. Belle Plaine Avenue. The Plaintiff looked through a window of the residence and rang the doorbell to see if there was anyone was inside.

**ANSWER:** On information and belief, Defendants admit that Plaintiff looked through a window of a residence located on or about the intersection of N. Greenview Avenue and W. Belle Plaine Avenue on April 1, 2014. Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph.

7. The Plaintiff was present at the residence for twenty minutes. As the Plaintiff left the residence, he saw an open box on the ground, with styrofoam surrounding it containing a vase.

**ANSWER:** On information and belief, Defendants admit that Plaintiff was present at the residence. Defendants further admit that Plaintiff saw a box, and that said box contained a vase. Defendants deny that the box was open when Plaintiff saw it. Defendants lack knowledge upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph.

8. The Plaintiff picked up the vase and went to this bike and proceeded to ride is bike to his residence, traveling north towards the intersection of Clark St. And Balmoral St.

**ANSWER:** On information and belief, Defendants admit that Plaintiff picked up the vase and

proceeded to ride his bike northbound. Defendants lack knowledge upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph.

9. Defendant Ogliore, dressed in plain clothes, initially stood across the street, at 5125 N. Clark St. about 15ft - 20ft away from the plaintiff as he rode his bike but quickly came within 3ft-5ft of the plaintiff. Defendant Ogliore then lunged at the plaintiff but missed, and fell to the ground.

**ANSWER:** Defendants admit that Defendant Ogliore was dressed in plain clothes on the day and time alleged, but deny the remainder of the allegations contained in this paragraph.

10. The Plaintiff pulled the handlebars of his bike in attempt to avoid Defendant Ogliore, which caused the vase to fall and break. The Plaintiff gained control of his bike and attempted to continue riding.

**ANSWER:** Denied.

11. Defendant Uribe stopped the plaintiff's bike, which put the front tire of the bike between his legs.

**ANSWER:** Denied.

12. The Plaintiff did not know that Defendant Ogliore and Defendant Uribe were police officers because they were in plain clothes.

**ANSWER:** Defendants admit that Defendants Ogliore and Uribe were dressed in plain clothes on the day and time alleged, but lack sufficient knowledge upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph.

13. Defendant Uribe grabbed the plaintiff, pulled him off of the bike and slammed him to the concrete ground.

**ANSWER:** Denied.

14. The Plaintiff lost conscious as a result of Defendant Uribe slamming him to the concrete ground and eventually regained consciousness after he had been handcuffed and put in the back of a police squad car.

**ANSWER:** Denied.

15. The Plaintiff suffered severe pain from the injuries sustained from the violent

actions of the Defendant officers including: two fracture ribs, two breaks in his arm, and a shattered eardrum.

**ANSWER:** Defendants deny that the officers engaged in any "violent actions," but lack knowledge sufficient upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph.

16. The Plaintiff was transported to 19th District Police Station at 850 West Addison Street. Upon arrival, the Plaintiff told an unknown officer at the station that he could not breathe and that he believed his ribs were broken. The unknown officer told the Plaintiff that his wrist was broken as well and that the Plaintiff would be transported to a hospital.

**ANSWER:** Defendants deny that Plaintiff was transported to the 19th District police station at 850 W. Addison Street. Defendants lack knowledge sufficient upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph.

17. Two unknown detectives transported the Plaintiff to Thorek Hospital, located at 850 E. Irving Park Road. About one hour after arriving at Thorek Hospital, the same unknown detectives transported the plaintiff back to the 18th District Police Station. The Plaintiff was later transported to Thorek Hospital for a second time.

**ANSWER:** Defendants admit that Plaintiff was transported to Thorek Hospital, but lack knowledge sufficient upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph.

18. The Plaintiff discovered on April 2nd, the date after the incident, a lump on his head and that he could not remember his own phone number. The Plaintiff experienced severe pain and bruising on both of his legs two to three days after the incident. The pain in his legs persisted for two to three weeks following the incident.

**ANSWER:** Defendants lack knowledge sufficient upon which to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph.

19. As a result of the actions of the Defendants, Plaintiff endured pain and suffering, emotional distress, loss of freedom and liberty, pecuniary damages, loss of society, and incurred legal expense.

**ANSWER:** Denied.

20. The actions of Defendant Ogliore in using unreasonable and excessive force against the Plaintiff violated the plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER:** Denied.

21. As the proximate result of all of the aforementioned actions by Defendant Ogliore, the plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional distress and expense.

**ANSWER:** Denied.

22. WHEREFORE, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff Rodriguez demands compensatory damages against Defendant Ogliore and because he acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of his action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

**ANSWER:** Denied.

23. The actions of Defendant Uribe in using unreasonable and excessive force against the plaintiff violated the plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. §1983.

**ANSWER:** Denied.

24. As the proximate result of all of the aforementioned actions by Defendant Uribe, the plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional distress and expense.

**ANSWER:** Denied.

25. WHEREFORE, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff Rodriguez demands compensatory damages against Defendant Uribe and because he acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of his action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

**ANSWER:** This is not a factual allegation but a prayer for relief to which no response is required.

To the extent that a response is required, denied.

26. Defendant City of Chicago is the indemnifying entity for the actions described above of Defendant Ogliore and Defendant Uribe, who took their actions while acting under color

of law and in the course and scope of their employment with the City of Chicago.

**ANSWER:** Defendants admit that the City of Chicago is the indemnifying entity for the conduct of Defendant Ogliore and Defendant Uribe and that Defendants Uribe and Ogliore were acting under color of law and within their scope of employment at all times relevant to this Complaint, but deny that the events occurred as described in the Complaint.

      27.    WHEREFORE, should defendants Ogliore and Uribe be found liable of one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) they obtain thereon.

**ANSWER:** This is not a factual allegation but a prayer for relief to which no response is required. To the extent that a response is required, denied.

      WHEREFORE, Defendants request that this Court enter judgment in their favor and against Plaintiff on all counts of Plaintiff's Complaint, award them such costs as provided by law, and grant them such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. At all times material to the events alleged in Plaintiff's Complaint, Officer Uribe and Sergeant Ogliore were acting under color of law, and were government officials, namely police officers, who were performing discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Officer Uribe and Sergeant Ogliore could have believed his actions to be lawful, in light of clearly established law and the information that Defendants possessed. Officer Uribe and Sergeant Ogliore, therefore, are entitled to qualified immunity as to Plaintiff's federal claims.

2. The City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

3. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

4. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

5. To the extent that any injuries or damages claimed by Plaintiffs against Defendants were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiffs, even if Defendants were liable in damages, the total amount of damages to which Plaintiffs would be otherwise entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton, and intentional conduct of Plaintiffs which were the proximate cause of their injuries. In addition, at the time of the actions alleged in Plaintiffs' Complaint, Illinois statute 735 ILCS 5/2-1116 was in effect and reduces a Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a Plaintiff is more than 50 percent of the proximate cause of the injury or damage for which recovery is sought.

6. Under the Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-102.

7. As to Plaintiffs' state law claims, the City of Chicago is not liable for attorney's fees as "the law in Illinois is clear that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See*

*Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

## JURY DEMAND

Defendants demand a trial by jury.

                                              Respectfully submitted,

                                              /s/ Bret A. Kabacinski
                                              Bret A. Kabacinski
                                              Assistant Corporation Counsel

City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (FAX)
ATTY. NO. 6131369

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO: Richard Dvorak
Iveliz Orellano
Dvorak Law Offices, LLC
140 S. Dearborn St., Suite 404
Chicago, Illinois 60603

**PLEASE TAKE NOTICE** that on this 3rd day of September, 2015, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 3rd day of September, 2015.

*/s/ Bret A. Kabacinski*
Bret A. Kabacinski
Assistant Corporation Counsel