IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE RODRIGUEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 15 CV 6290 |
| v. | ) | |
| | ) | The Hon. Sara L. Ellis |
| The CITY OF CHICAGO, a municipal corporation, | ) | |
| SERGEANT MICHAEL OGLIORE, Star #21267, | ) | Magistrate Judge Rowland |
| and OFFICER MAXIMILIA URIBE, Star #15773, | ) | |
| Chicago Police Detectives in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants Sergeant Michael Ogliore and Maximiliano Uribe ("Defendants") move this Honorable Court for judgment as a matter of law in favor of Defendants on Plaintiff's claims of excessive force (Count I) and Failure to Intervene (Count II)

**Introduction**

Under Rule 50(a), a Court may "enter judgment against a party who has been fully heard on an issue during a jury trial if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Schandelmeier-Bartels v. Chicago Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011) (internal citation omitted). This Court should grant judgment as a matter of law in favor of Defendants on the Plaintiff's claims, because Plaintiff has failed to establish a legally sufficient evidentiary basis for the jury to find in his favor in that he could not identify with specificity the officers with whom he interacted with on April 1, 2014.

1

In Court, Plaintiff was asked to provide an in-court identification of the officer who lunged at him and who bear-hugged him and threw him from his bicycle. In Court, Plaintiff identified by name, Officer Uribe as being the officer who lunged at him, but during the in-court identification, pointed to and described by location at counsel table ("the closest to the front") Sgt. Ogliore. Further, Plaintiff went on to state that he was not sure which officer was which when pressed to make the identification.

## Discussion

Though Plaintiff has sufficiently alleged that some excessive force occurred, Plaintiff has failed to establish the individuals who committed the excessive force, or which named Defendant was present when the alleged excessive force occurred. Defendants' position is that no reasonable jury could find that there is a sufficient evidentiary basis in the record for a finding in Plaintiff's favor on this issue if Plaintiff cannot make a consistent and credible identification of the officers at issue. "An individual cannot be held liable in a 1983 action unless he caused or participated in the alleged constitutional deprivation." *Wells v. City of Chicago*, 896 F.Supp.2d 725 (N.D. Ill. 2012)(*citing Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996)); *see also Moore v. State of Indiana*, 999 F.3d 1125, 1129 (7th Cir. 1993). Simply alleging he was the victim of excessive force is not enough to succeed on a claim against an *individual* officer. *Id*. An *individual* cannot be held liable in a Sec. 1983 action unless he caused or participated in an alleged constitutional deprivation. *Id.* (*emphasis in original*). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation. *Payne v. Chuchich,* 161 F.3d 1030, 1039 (7th Cir. 1998) (citations omitted). Moreover, the mere presence of the officers is not enough. *Trout v. Frega*, 926 F. Supp. 117, 121 (N.D. Ill. 1996). In *Trout*, the

Court held that the mere presence of the defendant officers, without more, does not constitute their requisite § 1983 personal involvement in any constitutional violation which may have occurred. *Id.*, *citing Apostal v. City of Crystal Lake,* No. 94 C 50068, 1995 WL 692680, at *6 (N.D.Ill. Nov. 22, 1995). If a plaintiff has failed to establish the personal involvement on the excessive force claim or each element of a failure to intervene claim at the close of his case, it is appropriate for the Court to grant judgment as a matter of law at this time. *See Fillmore v. Page*, 358 F.3d 496, 505-506 (7th Cir. 2004).

## CONCLUSION

WHEREFORE, Defendants request this Court to enter a directed verdict in favor of Defendants on Plaintiff's claims.

Date: January 23, 2017

        Respectfully submitted,
        */s/ Caroline Fronczak*

        Caroline Fronczak
        Senior Counsel

City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
Telephone: (312) 744-5126
Facsimile: (312) 744-6566
Attorney No.: 6284817

## **CERTIFICATE OF SERVICE**

      I, Caroline Fronczak, an attorney, certify that I caused to be filed, Defendants' Motion for Judgment as a Matter of Law on January 23, 2017 via the ECF filing system, and giving notice to all counsel of record.

                                                /s/ Caroline Fronczak

                                                Caroline Fronczak